Sarah Winscott, etc., v. George A. Bricken's Ex'r.

**Boundaries—Lost Corners—Ascertainment and Establishment—Stakes as Corners—Natural Objects—Location—Question for Jury—Courses and Distances.**

The boundary of the land described in the petition calls for a stake as indicating nearly every corner and the location of the corner is a question solely for the jury to determine. Stakes may be corner to surveys as well as stones.

When the degrees or courses in a deed differ from the natural or artificial object designating the boundary the course must yield.

A lost corner is located by running the courses and distances from a known corner.

**Exceptions, Bill of—When to Prepare.**

A bill of exception should be prepared and filed at the term of the court at which the judgment is rendered, if at all practicable.

APPEAL FROM MARION CIRCUIT COURT.

October 18, 1872.

Opinion by Judge Pryor:

There is much conflicting testimony as to the location of the boundary line between the lands owned by the parties to this action and particularly as to the corner claimed by appellee and known as the stone at letter J on the survey, made part of this record. All the deeds offered as evidence by each party call for stakes at the corners of the surveys made except at one or two points. The boundary of the land described in the petition and which appellees allege includes the land in controversy, calls for a stake as indicating nearly every corner. Where this corner in dispute is located, whether at the letter J on the plat or in the center of the old state road or at some other point, is a question solely for the jury to determine. We are unable to perceive, however, why stakes may not be corners as well as stones, and particularly when the deeds call for them as such. The jury were very properly told in instruction No. 4, given at the instance of appellee's counsel, that where the degrees or courses in a deed differ from the natural or artificial objects designating the boundary that the courses, etc., must yield, but in instruction No. 7, asked for by same counsel, the jury are told what is meant by natural or artificial objects and are expressly instructed that neither includes a stake—that is, if stakes were planted as corners and so proven they are not to be regarded as such, or, if gone, the place at which they were planted cannot be shown by proof. One of the witnesses in the present case speaks of a stake called for at a gate post as a recognized corner now, the place where this stake stood or any other object known as a corner may be shown by testimony for the purpose of fixing the corner or determining the true line of the survey. This was doubtless the object appellant's counsel had in view in attempting to locate a corner at this particular point. One mode of ascertaining a lost corner is by running course and distances from a known corner. There is proof conducing to show that the old state road was located in a different place from where it was said to run by appellee's witnesses. If this be true, the jury might say that the corners or the stakes marked as corners had been removed. The effect of instruction No. 7 is to refuse to permit the jury in considering the questions involved to

determine from the evidence that stakes instead of stone were the corners of the land in controversy, as well as the recognized corners of the various boundaries to the tracts of land the calls and courses of which affect the boundary in question. This instruction withdrew from the jury the proof of the appellants, and in effect decides the case for the appellee. It is unnecessary to decide whether this court would have considered the instructions A, B and C, asked for by appellant, or not. This practice, if permitted by the court below and sanctioned by this court, might result in great injury to litigants and shows the necessity, where it is at all practicable, of requiring counsel to prepare and present their bills of exception at the same term the judgment is rendered. For the reasons indicated the judgment of the court below is reversed and cause remanded with directions to award to the appellants a new trial and for further proceedings consistent with this opinion.

*Harrison*, for appellant.
*Roundtree & Fogle*, for appellee.